IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-00213-F-1
No. 5:14-CV-00349-F

| | | |
|---|---|---|
| DEMETRIUS DARRELL WHITEHEAD, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court on the Government's Motion to Dismiss [DE-114] Demetrius Darrell Whitehead's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-110]. The issues have been fully briefed and are now ripe for ruling. For the reasons more fully stated below, the Government's Motion to Dismiss is ALLOWED, and Whitehead's Motion to Vacate is DENIED.

## I. Factual and Procedural Background

On June 24, 2010, Whitehead was charged in eight counts of a nine-count indictment. *See* Indictment [DE-1]. In Count One, Whitehead was charged with distribution of more than five grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). Count Two charged Whitehead with distribution of more than five grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). In Count Three, Whitehead was charged with possession with intent to distribute more than five grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). Count Four charged Whitehead with possession with intent to distribute more than five grams of cocaine base (crack) and a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1). In Count Five, Whitehead was charged with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Count Six charged Whitehead with possession

of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. Count Eight charged Whitehead with distribution of more than five grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). In Count Nine, Whitehead was charged with distribution of more than five grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). At Whitehead's arraignment, held on September 7, 2010, he pled guilty to Counts One, Five and Six, pursuant to a written plea agreement [DE-28].

Whitehead's sentencing was held on December 7, 2011, and he was sentenced to 188 months on Count One, 60 months on Count Five, and 120 months on Count Six. *See* Judgment [DE-97]. It was ordered that the sentence imposed in Count Five would be served consecutive to the sentence imposed in Counts One and Six. It was further ordered that the sentence imposed in Count Six would be served concurrent with the sentence imposed in Count One.

On December 13, 2011, Whitehead filed a Notice of Appeal [DE-99]. In an unpublished opinion [DE-107], the Fourth Circuit Court of Appeals affirmed Whitehead's sentence. Whitehead unsuccessfully petitioned the Supreme Court for certiorari.

Whitehead filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-110] on June 16, 2014. In his § 2255 motion, Whitehead argues that he is entitled to relief on the following grounds: (1) his trial attorney provided ineffective assistance of counsel by failing to notify the court of a breach of the plea agreement by the Government; (2) he was entitled to be sentenced under the Fair Sentencing Act; (3) his trial attorney provided ineffective assistance of counsel by facilitating and recommending acceptance of an unknowing and involuntary plea after cooperation had begun and the Government had benefitted; (4) his trial attorney provided ineffective assistance of counsel by withdrawing his objection to the reckless endangerment enhancement, U.S.S.G. § 3C1.2; and (5) his appellate attorney

2

provided ineffective assistance of counsel by failing to identify and brief one or more of the above-listed issues. On July 24, 2014, the Government filed a Motion to Dismiss [DE-114], arguing that dismissal is warranted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'shp*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

## III. Discussion

### A. Whitehead has failed to state a claim of ineffective assistance of counsel in his first, third, fourth and fifth claims.

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his

3

defense. *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984). The petitioner bears the burden of proof as to both prongs of the *Strickland* standard. *United States v. Luck,* 611 F.3d 183, 186 (4th Cir. 2010). Under the first prong, the petitioner must show that his counsel's representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland,* 466 U.S. at 688. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. As for the second prong, the petitioner must demonstrate that his counsel's inadequate performance was prejudicial to him. *Id.* at 687. Specifically, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Id.* With the *Strickland* standard in mind, the court will address each of Whitehead's ineffective assistance of counsel claims in turn.

### 1. Failed to notify the court of a breach of the plea agreement

In his first claim, Whitehead alleges that his trial attorney provided ineffective assistance of counsel by failing to notify the court of the Government's breach of the plea agreement. Mem. Law [DE-110-1] at 6-7. At the beginning of Whitehead's sentencing hearing, the Government mistakenly told the court that it was not obligated to tell the court about Whitehead's cooperation. *See* December 7, 2011 Tran. [DE-105] at 2. After the court imposed sentence, the prosecutor clarified the record and summarized the extent of Whitehead's cooperation. *Id.* at 19.

Whitehead's claim must fail because the prosecutor corrected her error by informing the court of Whitehead's cooperation by the end of the sentencing hearing. *Id.* In addition, Whitehead's attorney discussed the extent of his cooperation throughout the sentencing hearing. *Id.* at 5-6, 8-11. For these reasons and others, the Fourth Circuit Court of Appeals found "no

4

error, let alone plain error" in reviewing Whitehead's plea breach argument. *See* Unpublished Opinion [DE-107] at 3. Thus, the court concludes that Whitehead's trial attorney was not ineffective for failing to raise the plea breach argument with the court. *See Moore v. United States*, 934 F. Supp. 724, 731 (E.D. Va. 1996) (holding that failure to raise a meritless argument can never amount to ineffective assistance). For these reasons, this claim must fail under the *Strickland* standard. Accordingly, Whitehead's first claim will be dismissed.

### 2. Facilitated acceptance of an unknowing and involuntary plea after cooperation

Whitehead alleges in his third claim that his trial attorney provided ineffective assistance of counsel by facilitating and recommending acceptance of an unknowing and involuntary plea after cooperation had begun and the Government had benefitted. Mem. Law [DE-110-1] at 10-11. Specifically, Whitehead contends that he was wrongfully coerced into pleading guilty under the assurances that he would benefit from his extensive cooperation. *Id.* at 11.

The terms of the plea agreement were clear that the Government was not obligated to move for a departure or sentence reduction based on Whitehead's cooperation. *See* Plea Agreement [DE-28] at 7. Moreover, the plea agreement further made clear that any estimate of his sentence received from any source was not a promise and that even if a sentence up to the statutory maximum was imposed, Whitehead would not be permitted to withdraw his guilty plea. *Id.* at 6.

The court concludes that Whitehead has failed to sufficiently allege prejudice. Specifically, Whitehead summarily concludes that "there can be no alternative conclusion that he was severely prejudiced." Mem. Law [110-1] at 11; *see United States v. Terry*, 366 F.3d 312, 316 (4th Cir. 2004) ("[C]onclusory allegations are insufficient to establish the requisite prejudice

5

under *Strickland*."). For all these reasons, Whitehead has failed to sufficiently state a claim under *Strickland*. Consequently, Whitehead's third claim will be dismissed.

### 3. Withdrew objection to U.S.S.G. § 3C1.2

In his fourth claim, Whitehead alleges that his trial attorney provided ineffective assistance of counsel by withdrawing his objection to U.S.S.G. § 3C1.2. Mem. Law [DE-110-1] at 11-12. Whitehead concludes that "[p]rejudice is evident" because the § 3C1.2 enhancement cost him an additional twenty-six months of incarceration. *Id.* at 12.

U.S.S.G. § 3C1.2 provides for a two-level increase if a defendant "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." Prior to sentencing, Whitehead's attorney objected to the application of the enhancement. Probation responded as follows:

> On July 7, 2009, Whitehead fled from officers after a traffic stop was initiated. While fleeing from officers, the defendant entered a residence without permission. The homeowner confirmed that Whitehead was not known to anyone in the home and had not been given permission to enter the home. In U.S. v. Carter, 601 F.3d 252 (4th Cir. 2010), Carter, who was unarmed, fled from officers and entered an apartment without permission of the homeowner, who was in the residence at the time. This conduct is similar to the case-at-bar as Whitehead entered a home without permission while the owner was present. The Fourth Circuit held that a substantial risk is inherent at anytime anyone enters another's home without permission. The risk is obvious because many homeowners or renters could resort to violence and force to prevent such entry. As such, the enhancement has been appropriately applied.

Rev. Addend. PSR [DE-86] at 19.

In light of the Probation Officer's reference to *Carter*, a case with extremely similar circumstances where the Fourth Circuit upheld the enhancement under U.S.S.G. § 3C1.2, Whitehead's attorney did not provide deficient performance by withdrawing his objection.

6

Because Whitehead has made an insufficient showing on the performance prong of the *Strickland* standard, this court need not address the prejudice prong. *See Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to ... address both components of the inquiry if the defendant makes an insufficient showing on one."). Accordingly, Whitehead's fourth claim will be dismissed.

### 4. Failed to identify and brief one or more of the above-listed issues

Whitehead alleges in his fifth claim that his appellate attorney provided ineffective assistance of counsel by failing to identify and brief claims one through four. Mem. Law [DE-110-1] at 13. The court concludes that this claim must fail under *Strickland* because Whitehead has failed to allege any prejudice. Moreover, an appellate attorney need not address every conceivable issue. Rather, the court "must accord appellate counsel the 'presumption that he decided which issues were most likely to afford relief on appeal.'" *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (quoting *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993)). Consequently, Whitehead's fifth claim will be dismissed.

### B. Whitehead was sentenced within the Fair Sentencing Act's parameters.

In his second claim, Whitehead contends that he was entitled to be sentenced under the Fair Sentencing Act of 2010. Mem. Law [DE-110-1] at 8-10. Whitehead was sentenced on Count One within the statutory minimum and maximum that applied to him as a result of the Fair Sentencing Act. Pursuant to the Fair Sentencing Act, Whitehead's statutory minimum and maximum for Count One changed from 5 to 40 years' imprisonment, *see* Plea Agreement [DE-28] at 3-4, to between zero and 20 years' imprisonment, 21 U.S.C. § 841(b)(1)(C). The court's

7

sentence of 188 months' imprisonment on Count One was within the Fair Sentencing Act's parameters. Accordingly, this second claim will be dismissed.

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-114] is ALLOWED, and Whitehead's Motion to Vacate [DE-110] is DENIED.

A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). However, when a district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

The court concludes that Whitehead has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the __18__ day of December, 2015.

                                                James C. Fox
                                                Senior United States District Judge