IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CR-213-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| DEMETRIUS DARRELL WHITEHEAD | ) | |

This matter is before the Court on defendant's pro se motion for reduction of sentence under 18 U.S.C. § 3582(c) and motion to amend, as well as defendant's motion through counsel for § 3582(c) reduction. The government has responded, and the matters are ripe for ruling.

## BACKGROUND

On December 7, 2011, the Court, Fox, J. presiding,[1] sentenced defendant to a total term of 248 months' imprisonment following defendant's plea of guilty to drug and gun charges. [DE 97]. On January 27, 2016, the Court, under 18 U.S.C. § 3582(c), reduced defendant's sentence on count one to 162 months' imprisonment; the sentence on count five remained 60 months consecutive and the sentence on count six remained 120 months concurrent, for a total sentence of 222 months' imprisonment. [DE 130]. Following subsequent reduction, defendant is currently serving a total term of imprisonment of 166 months. [DE 155].

Defendant now seeks a further reduction in his sentence under Amendment 750 to the United States Sentencing Guidelines.

## DISCUSSION

---

[1] This matter was reassigned to the undersigned on January 25, 2017.

At the outset, the Court has considered defendant's amended motion for reduction and therefore grants the motion to amend. A court "may not modify a term of imprisonment once it has been imposed except" under limited circumstances. 18 U.S.C. § 3582(c). One of those circumstances is where the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . ." 18 U.S.C. § 3582(c)(2); *see also* U.S.S.G. § 1B1.10(a). "In such cases, Congress has authorized courts to reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Dillon v. United States*, 560 U.S. 817, 824-25 (2010) (internal quotation and citation omitted).

On January 27, 2016, defendant's sentence was reduced under § 3582(c) pursuant to Amendment 782 to the Guidelines. Defendant now seeks a further reduction under Amendment 750.

> Amendment 750 increased the minimum quantity of cocaine base necessary to trigger the maximum base offense level from 4.5 to 8.4 kilograms. U.S.S.G. app. C, amend. 750 (effective Nov. 1, 2011). Amendment 782 again raised the requisite amount of cocaine base from 8.4 to 25.2 kilograms. U.S.S.G. supp. app. C, amend. 782 (effective Nov. 1, 2014).

*United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016), *cert. denied*, 137 S. Ct. 2267 (2017). Defendant's resentencing under Amendment 782, which came into effect after Amendment 750, provided him with any benefit that he would have received under Amendment 750. *See, e.g., United States v. Williams*, 808 F.3d 253, 257 (4th Cir. 2015) (Sentencing Commission may amend the guidelines, and those amendments are effective unless otherwise modified or disapproved of by Congress).

2

Thus, as he has already received the benefit of Amendment 750, defendant cannot show that his current Guidelines range has been reduced by the Sentencing Commission, and he is ineligible for any further reduction from his term of imprisonment.

## CONCLUSION

Accordingly, defendant's motion to amend [DE 170] is GRANTED and his motions for reduction and for retroactive application of the Sentencing Guidelines [DE 145,171] are DENIED.

SO ORDERED, this the 26 day of July, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE